IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACLYN R. JURACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-044 |
| | § | |
| SAFETY VISION, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

On December 12, 2014, the court granted summary judgment dismissing Jurach's disability discrimination and retaliation claims against her former employer, Safety Vision, LLC. Safety Vision submitted a bill of costs and requested recovery of the following costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2:

| | |
|---|---|
| Fees of the clerk | $400 |
| Fees for reproduction | $4,163.90 |
| Fees for transcripts necessarily obtained for use in the case | $4,978.50 |
| Total | $9,542.40 |

(Docket Entry No. 31). Jurach objected, Safety Vision responded, and Jurach replied. (Docket Entry Nos. 32, 33, 34). Based on the parties' arguments, the record evidence, and the applicable law, this court denies the objections, but reduces the award based on the nature of the case and the plaintiff's circumstances. The amount Safety Vision sought, $9,542.40, is reduced to $4,770.25. The reasons for this ruling are explained below.

**I.      The Legal Standard**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs — other than attorney's fees — shall be allowed as of course to the prevailing party." There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). Title 28 U.S.C. § 1920 allows the following categories of costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920. A court may decline to award the costs listed in the statute, but a court may not award costs omitted from the list "'absent explicit statutory or contractual authorization to the contrary.'" *Cook Children's Med. Ctr. v. New England PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

The prevailing party must attach an affidavit to its bill affirming that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs were actually and necessarily performed. 28 U.S.C. § 1924. If the party being taxed has not

specifically objected to a cost, the presumption is that the costs were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). Once an objection is raised, the party seeking costs has the burden of verifying that the costs were necessary and were not incurred for counsel's convenience. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).

### III. Analysis

Jurach first asks this court to deny Safety Vision's costs entirely. She argues that she has limited financial resources, that she pursued this case in good faith, and that ordering her to pay any costs would have a chilling effect on other civil-rights plaintiffs. But Jurach is not indigent, and her relatively limited resources do not permit her to avoid all the costs the prevailing party incurred in this suit. *See Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 320 (5th Cir. 2013) (holding that it was inappropriate for the district court to consider the prevailing party's wealth in denying well-documented costs, but reserving the question of whether the losing party's "limited resources" could reduce a cost award); *Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99–100 (3d Cir. 1995) (per curiam) (holding that the plaintiff's limited resources did not justify reducing the amount of the cost award, when it did not exceed what the plaintiff was able to pay); *see also Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990) (noting that § 1915 "indicates that Congress intended for qualified litigants to be able to proceed without advancing costs, but that they may be ultimately liable for costs."); *Petri v. Kestrel Oil & Gas Props., L.P.*, Nos. H-09-3994, H-10-112, H-10-497, 2013 WL 265973, at *7 (S.D. Tex. Jan. 17, 2013) ("indigency is not a reason to permit a losing party to avoid costs").

That Jurach pursued this action "in a good faith belief that her employer had discriminated and retaliated against her" is not a basis to deny costs. *See Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) ("Every circuit to address that question in a published opinion — the Fourth, Sixth, Seventh, Ninth and Tenth — has ruled that good faith, by itself, cannot defeat the operation of Rule 54(d)(1)) *E.A.F.F. v. United States*, No. SA-08-CA-124-XR, 2014 WL 2155263, at **5–8 (W.D. Tex. May. 22, 2014) (when both parties acted in good faith, costs should be awarded); *Cox v. Waste Mgmt of Tex., Inc.*, No. Civ. A. H-10-1626, 2013 WL 690849, at *1 (S.D. Tex. Feb. 25, 2013); *Celanese Corp. v. Kellogg, Brown & Root, Inc.*, No. H-06-2265, 2009 WL 1810967, at *1 (S.D. Tex. June 25, 2009) (explaining that good faith alone does not justify denying costs).

The Fifth Circuit has also declined to deny costs based on a "chilling effect" on future civil rights plaintiffs. *See Perez v. Pasadena Indep. Sch. Dist.*, 165 F.3d 368, 374 (5th Cir. 1999); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 256–57 (5th Cir. 1997) (affirming a cost award to a school district in an IDEA case despite the parents' argument that doing so would have a chilling effect on other parents' willingness to contest school decisions), *cert. denied*, 522 U.S. 1047 (1998); *see also Cox*, 2013 WL 690849, at *1; *Escopeta Oil & Gas Corp. v. Songa Mgmt., Inc.*, No. 1:06-cv-386, 2007 WL 171721, at *13 (E.D. Tex. Jan.17, 2007) (holding that "a potential chilling effect on seeking redress in court will not suffice to avoid an award of costs").

Jurach alternatively argues that, if not denied, the costs should be reduced based on her specific objections. She first objects to the $4,163.90 Safety Vision spent on document production, claiming that some of the documents Safety Vision produced were in a difficult-to-use format.

Reproducing documents "necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286.

Courts have taxed the costs of copying documents produced during discovery. *See, e.g., Waggoner v. Trans Union, LLC*, 2003 WL 22838718, at *4 (N.D. Tex. Nov. 24, 2003). The record shows that Safety Vision produced the documents Jurach complains about under the court's February 14, 2014 order on Jurach's motion to compel production. The production problem Jurach identified was due to a conversion error that Safety Vision resolved, providing documents in a reasonably usable format. The record shows that the reproduction costs Safety Vision sought did not add any amount for fixing the conversion error. In other words, the costs were not increased because of the error. Safety Vision has met its burden of showing the reproduction costs were necessarily incurred in the case.

Jurach also objects to Safety Vision's request for $4,978.50 in costs for deposition transcripts and videos. Deposition transcripts are taxable as costs only if they were necessary for the case. "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman*, 920 F.2d at 285. Jurach claims that the video of her own deposition and the transcripts of depositions for Charles Garrett, Bruce Smith, and Michael Ondruch were unnecessarily obtained, at least at the summary-judgment stage. But the record shows that Safety Vision used the transcripts from all four depositions in its motion for summary judgment. (Docket Entry No. 15). Safety Vision contends that the video of Jurach's deposition was necessary for impeachment purposes because she had made inconsistent statements. Courts have found such explanations sufficient. *See Petri*, 2013 WL 265973, at *8 (awarding costs for a videotaped deposition because "[t]he videotape might reasonably be useful to address a witness' credibility or to impeach at trial."); *Farnsworth v. Covidien, Inc.*, No. 4:08CV01689 ERW, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010) (finding

P:\CASES\2014\14-044\14-044.costs.b04.wpd

5

the videotaped depositions would be necessary at trial "if a witness testified inconsistently with his or her deposition testimony," and awarding costs). The court finds that Safety Vision has met its burden as to these costs.

Finally, Jurach asks the court to stay any cost award pending Jurach's appeal to the Fifth Circuit. Costs are typically assessed before appeal. The costs Safety Vision seeks are justified by the record, and there is no reason to delay taxing them.

Neither Jurach's limited resources, her good-faith basis for bringing her claims, or the nature of the case, standing alone, provide a basis for denying Safety Vision its taxable costs. The court does find, however, that there is a basis for reducing the cost award based on Jurach's limited financial resources, the nature of the case, and her good faith in filing it. *See Wade v. Peterson*, 416 Fed. App'x 354, 356 (5th Cir. 2011) (unpublished) ("[I]n this circuit, courts may, but are not required to excuse a losing party from paying costs only if he brought suit in good faith and can demonstrate at least one of the five factors set forth in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)."). Costs are reduced by 50 percent. The court in *Moore* expressed concerns about reducing cost awards based on the nonprevailing party's relative lack of financial resources compared to the prevailing party. The record here is different. The court's cost-award reduction does not take into account or rest on Safety Vision's financial resources. Reducing a prevailing party's cost award based on its wealth is impermissible. *See Moore*, 735 F.3d at 320. And unlike *Moore*, the costs here are more than a "few thousand dollars," and Jurach is making far less than the *Moore* plaintiffs. This record provides better support for a cost-award reduction than the record in *Moore*.

**IV.   Conclusion**

Jurach's specific objections to the bill of costs are overruled. The cost award is reduced by 50 percent based on Jurach's good faith, her limited resources, and the nature of the case. Jurach must pay Safety Vision $4,770.25 for its taxable costs.

SIGNED on March 1, 2015, at Houston, Texas.

*[signature]*

Lee H. Rosenthal
United States District Judge